HARRY B. HAMMOND, Respondent, v. CITIZENS NATIONAL BANK OF POTSDAM, NEW YORK, Appellant.— Orders affirmed, with ten dollars costs and disbursements. Memorandum: The only question here is whether the Statute of Limitations has run against the cause of action alleged in the complaint, and considering the type of action alleged, and judging from the papers before us, we cannot conclusively say that the Statute of Limitations has run. We are not called upon to determine whether a cause of action in fact exists. Our decision here will not in any way preclude a motion for summary judgment. All concur. (The orders deny defendant's motion to dismiss the complaint in an action to recover moneys agreed to be paid for the assignment of a lease.) Present — Sears, P. J., Crosby, Lewis, Cunningham and Taylor, JJ.

PHILIP C. STONE, Respondent, v. HYMAN JACOBSON, Engaged in Business under the Assumed Name and Style of WILSON BROS., Appellant.— Order modified, by granting leave to plead over upon payment of the costs provided in the order appealed from and as so modified affirmed, without costs of this appeal to either party. Memorandum: The second defense which by the order is stricken from the answer is insufficient because it does not state facts showing that the plaintiff is not a proper party-plaintiff under the provisions of section 193 of the Civil Practice Act. All concur. (The order grants plaintiff's motion to strike out certain parts of defendant's amended answer.) Present — Sears, P. J., Crosby, Lewis, Cunningham and Taylor, JJ.

J. WELLINGTON BERRYMAN, by ALICE J. BERRYMAN, His Guardian ad Litem, Respondent, v. BOARD OF EDUCATION OF THE CITY OF BUFFALO, NEW YORK, Appellant.— Order so far as appealed from reversed on the law, with ten dollars costs and disbursements, and motion denied, with ten dollars costs. Memorandum: The appeal is from that part of an order which directs defendant to produce and permit plaintiff and his counsel to inspect those tools or implements used by the plaintiff at the time he sustained the personal injuries for which he seeks damages in this action. We reverse that part of the order from which appeal is taken upon the ground that the defendant is a municipal corporation (Education Law, § 300; Gen. Corp. Law, § 3, subd. 1; *Matter of Fleischmann* v. *Graves*, 235 N. Y. 84, 89) and, in the absence of specific mention of municipal corporations in those sections of the Civil Practice Act which make provision for discovery and examination before trial, the statutes are not applicable to the defendant. (*Bush Terminal Co.* v. *City of New York*, 259 N. Y. 509; *Jewish Hospital of Brooklyn* v. *John Doe*, 252 App. Div. 581, 584; *Cooper* v. *Village of Brockport*, 246 id. 571.) We do not regard the inspection of tools, which are under the control and supervision of the defendant, to be an exception to this rule. All concur. (The portion of the order appealed from grants plaintiff's motion for an inspection of certain tools before trial.) Present — Sears, P. J., Lewis, Cunningham, Taylor and Dowling, JJ.