VINCENT DE BENEDITTIS, an infant, by LOUIS DE BENEDITTIS, His Guardian ad Litem, et al., Plaintiffs, *v.* BOARD OF EDUCATION OF THE CITY OF NEW YORK, Defendant.

Supreme Court, Special Term, Queens County, October 17, 1944.

*Anthony J. Caputo* for plaintiffs.

*Ignatius M. Wilkinson, Corporation Counsel (John J. O'Brien* of counsel), for defendant.

HOOLEY, J. Motion for an order requiring defendant to permit a discovery and inspection and the taking of photographs of a certain machine involved in an accident to the infant plaintiff. The action is brought to recover damages for personal injuries sustained when portions of the infant's fingers were amputated in a shearing machine used as a part of the school curriculum at a public school in the borough of Queens, while the plaintiff was attending said school as a student.

The Board of Education opposes the motion upon the ground that while the defendant may be examined before trial under section 292-a of the Civil Practice Act, such relief to a plaintiff is limited to that afforded by that section and does not by implication extend to the relief herein sought.

The motion must be denied. Prior to the enactment of section 292-a of the Civil Practice Act the cases uniformly held that an examination before trial and a discovery and inspection as applied to municipal corporations could not be had, under the existing sections of the Civil Practice Act. (*Davidson* v. *City of*

*New York*, 221 N. Y. 487; *Bush Terminal Co.* v. *City of New York*, 259 N. Y. 509; *Berryman* v. *Board of Education*, 257 App. Div. 915.) The Legislature saw fit to change this situation so far as examinations are concerned by the enactment of said section 292-a, which specifically allows the examination before trial of a municipal corporation. Had the Legislature intended to extend the right of discovery and inspection under section 324 of the Civil Practice Act, it would have specifically done so. It is rather difficult to understand why it did not do so. It would seem logical to allow discovery and inspection wherever examinations before trial are allowed. The Legislature evidently intended such distinction, however, since the sections of the Civil Practice Act dealing with examinations before trial are in a different article than those sections relating to discovery and inspection and, being thus separated, the Legislature may not be presumed to have intended either that the addition or amendment of section 292-a of the Civil Practice Act was in any way to affect discovery and inspection with respect to municipal corporations. In the absence of a specific mention of municipal corporations in the section of the Civil Practice Act allowing a discovery and inspection, the statute is not applicable to the defendant. (*Berryman* v. *Board of Education, supra.*)